IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ELVIS ROWLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HUNTER WARFIELD, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, ELVIS ROWLAND, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, HUNTER WARFIELD, INC., the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. ELVIS ROWLAND, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Springfield, County of Sangamon State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Chatham Hills Apartments (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Chatham Hills Apartments was for an apartment for which he was the co-signer for his daughter, which was for the personal use and was a household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. HUNTER WARFIELD, INC., (hereinafter, "Defendant") is a business entity/law firm engaged in the collection of debt within the State of Florida.  Defendant's principal place of business is located in the State of Florida.   Defendant is incorporated in the State of Florida.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. Defendant collects debts throughout the country, and particularly in the state of Illinois.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  ALLEGATIONS

15. In December of 2013, Plaintiff received a telephone call from a person that identified himself as "Steve Gotti" a duly authorized representative of Defendant, who stated that they were calling to collect the Debt from Plaintiff.

16. In that conversation, Plaintiff stated to Defendant that he disputed the debt. Plaintiff explained to the aforementioned representative of Defendant why he did not owe the Debt and the reason for his dispute.

17. Plaintiff disputed the charges because the money being sought from Plaintiff was alleged to be for month of rent and cleaning the apartment after Plaintiff terminated the lease. However, Plaintiff was prepared to present evidence that no rent was owed as the move-out date they had on record was incorrect, and Plaintiff also spent his own money to have the apartment professionally cleaned.

18. Thereafter, Defendant did not attempt to contact Plaintiff or to seek to verify his claims in any way.

19. On or about July 6, 2014, after having received notice of the dispute from Plaintiff, Defendant communicated to one or more consumer reporting agencies as that term is defined by 15 U.S.C.§1681a(f).

20. On or about July 6, 2014, when communicating to a consumer reporting agency regarding Plaintiff, Defendant reported that the original amount of the bill was $982 but that the current balance was $1,003.

21. The aforesaid communication contained false information as Plaintiff did not owe any money. Moreover, even if Plaintiff were obligated to any portion of the balance owed,

Defendant did not have any contractual or statutory right to increase the balance owed for any reason.

22. On or about July 6, 2014, when Defendant communicated to one or more credit reporting agencies, Defendant failed to communicate that the consumer disputed the debt.

23. In its attempts to collect the debt allegedly owed by Plaintiff to Chatham Hills Apartments, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

24. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

25. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELVIS ROWLAND, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,<br>
**ELVIS ROWLAND**

By: <u>    s/ Larry P. Smith            </u>
       Attorney for Plaintiff

<u>Dated: November 12, 2014</u>

<u>Larry P. Smith </u>(Atty. No.: 6217162)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 324-3532
Facsimile:  (888) 418-1277
E-Mail:     lsmith@smithmarco.com